**UNITED STATES of America, Plaintiff-Respondent,**

v.

**Raymundo A. RODRIGUEZ, Defendant-Petitioner.**

**Crim. No. 69-B-28.**

United States District Court
S. D. Texas,
Brownsville Division.

Sept. 8, 1969.

Raymundo A. Rodriguez, defendant-petitioner, pro se.

Anthony J. P. Farris, U. S. Atty., and James R. Gough, Asst. U. S. Atty., Houston, Tex., and Homer M. Lopez, Asst. U. S. Atty., Brownsville, Tex., for the Government.

MEMORANDUM AND ORDER

GARZA, District Judge.

Petitioner, who was the defendant in the above entitled and numbered cause, has filed a motion for leave to appeal to the United States Court of Appeals for the Fifth Circuit, out of time. He says he wants to appeal to the Fifth Circuit in Denver, Colorado, but I am sure that he means New Orleans, Louisiana. He also seeks to appeal in forma pauperis.

The Petitioner was indicted by a grand jury on January 6, 1969, in the above entitled and numbered cause, which indictment alleged that on or about the 29th day of October, 1968, he did wilfully and knowingly encourage and induce the entry into the United States of two aliens, in violation of 8 U. S.C. 1324(a) (4). In the second count he was charged that on the same day he transported said aliens by means of a motor vehicle from Brownsville, Texas, to Kingsville, Texas, in violation of 8 U. S.C. 1324(a) (2).

While he was out on bond awaiting trial of said cause, he was again indicted by a grand jury in Criminal Cause No. 69-B-54 on February 17, 1969, which

indictment alleged that on the 2nd day of February, 1969, he had wilfully and knowingly encouraged and induced the entry into the United States of five aliens, in violation of 8 U.S.C. 1324(a)(4); and in the second count alleged that he had transported them within the United States, in violation of 8 U.S.C. 1324(a)(2).

The records show that in Criminal 69–B–28 he appeared with counsel of his own choosing on the 22nd day of January, 1969, for arraignment in said cause, and his case was set for trial on February 24, 1969. In Criminal 69–B–54 he appeared with the same counsel of his own choosing on February 24, 1969.

Since he pleaded not guilty on both cases, a jury was selected to try him on February 24, 1969, in each of said causes. His trial in Criminal 69–B–28 proceeded before a jury who found him guilty on both counts. A presentence investigation was ordered, and his sentencing in Criminal 69–B–28 was set for March 25, 1969.

His trial in Criminal 69–B–54 was scheduled to begin on February 28, 1969, at 9:30 a.m., before a jury which had been empaneled on February 24th.

On February 27, 1969, at the request of his own counsel, he asked to be re-arraigned in Criminal 69–B–54, and the Petitioner pleaded guilty to the second count of the indictment against him in that cause.

At the time of his re-arraignment in Criminal 69–B–54 the Petitioner Rodriguez admitted to the Court his guilt in Criminal 69–B–28, also, as had been found by the jury that tried him. He was sentenced in both causes after a presentence investigation had been received, on March 25, 1969, and was sentenced by this Court to five years on each of Counts One and Two in Criminal 69–B–28 and to five years on the second count in Criminal 69–B–54, all sentences to run concurrently for a total of five years in the penitentiary.

He now alleges that neither this Court nor his counsel advised him of his right to appeal in Criminal 69–B–28, and seeks now to appeal out of time and in forma pauperis.

Under the circumstances of his having pleaded guilty in Criminal 69–B–54, his admission of guilt in Criminal 69–B–28, and the fact that he received concurrent sentences, any failure of this Court to advise him of his right to appeal in Criminal 69–B–28 was not prejudicial to him.

His appeal is frivolous and wholly without merit. He was found guilty by a jury and he subsequently admitted his guilt.

His petition to file an appeal out of time is, therefore, denied.

Under the circumstances as outlined above, this Court cannot issue a certificate of probable cause to allow him to appeal in forma pauperis, and his request to appeal in forma pauperis is also denied.